IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| GREG LANDRY, | ) | |
| | ) | Civil No. 4:17-cv-00289 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| MICHELLE EILERS, GAIL STEFFEN, | ) | |
| EMPLOYER BENEFIT SERVICES, | ) | |
| LTD., and UNUM LIFE INSURANCE | ) | |
| COMPANY OF AMERICA | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MICHELLE EILERS, GAIL STEFFEN, | ) | |
| EMPLOYER BENEFIT SERVICES, | ) | |
| LTD., | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

Defendant Unum Life Insurance Company ("Unum Life") for the purpose of removing this action to the United States District Court for the Southern District of Iowa, states:

1.      On April 9, 2015, Plaintiff Greg Landry commenced an action against Defendants Michelle Eilers, Gail Steffen, and Employer Benefit Services, Ltd. (collectively the "EBS Defendants") in the Iowa District Court for Polk County, seeking damages he alleged he sustained as a result of the professional negligence of EBS Defendants in securing an increase in the maximum monthly benefit for the shareholder class of a group long term disability policy

funding a long term disability plan sponsored by Plaintiff's employer.  Plaintiff did not initially assert any claims against Unum Life.

2.      On April 22, 2016, the EBS Defendants filed a Motion for Leave to File Cross Petition against Unum Life, which was granted on June 3, 2016.  In their Cross Petition, the EBS Defendants sought indemnity and\or contribution against Unum Life predicated upon an alleged breach of contract[1] by Unum Life for any judgment that may be entered in favor of Plaintiff and against the EBS Defendants on Plaintiff's professional negligence claim.

3.      On July 5, 2017, Plaintiff filed a Motion to Amend to add Unum Life as a Defendant and sought, for the first time, to assert claims against Unum Life.  A copy of Plaintiff's Motion to Amend and Third Amended and Substituted Petition are attached as Exhibits A and B respectively and by this reference incorporated as part of this Notice.

4.      Plaintiff's Motion to Amend was granted on July 7, 2017.  A copy of the Court's Order is attached as Exhibit C and by this reference incorporated as part of this Notice.

5.      In his Third Amended and Substituted Petition, Plaintiff seeks certain benefits from Unum Life to which he alleges he is entitled under an employee benefit plan provided by his employer, LaMarca & Landry, P.C. ("LaMarca & Landry"), which plan was funded by a group long term disability policy issued by Unum Life to LaMarca & Landry.  Plaintiff's claim in this regard is specifically brought under the provisions of § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

6.      In a separate count, Plaintiff alleges he is also entitled to damages for breach of contract as a "third party beneficiary" of the Broker Contract between Unum Life and EBS,

---

[1] The EBS Defendants also sought to assert a claim against Unum Life predicated upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Unum Life moved to dismiss that claim as failing to state a claim upon which relief could be granted.  The Iowa District Court agreed and dismissed the ERISA claim of the EBS Defendants against Unum Life.

alleging that Unum Life failed to deliver a copy of the amended policy funding the plan to his employer.

7.     No further proceedings have been had herein on Plaintiff's claims against Unum Life in Third Amended and Substituted Petition in the Iowa District Court for Polk County.[2]

8.     Plaintiff's newly asserted claims against Unum Life are governed by ERISA. Plaintiff specifically brings his claim for benefits under 29 U.S.C. § 1132(a)(1)(B).  Plaintiff's state common law claim against Unum Life for breach of contract as a "third party beneficiary" is preempted by ERISA. *See* 29 U.S.C. § 1144.

9.     This Court has concurrent original jurisdiction over this action under ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. § 1331, without respect to the amount in controversy or citizenship of the parties.

10.     Unum Life can remove this action because of the ERISA claim recently asserted against it notwithstanding the fact that the ERISA claim is joined with claims that would not otherwise be removable.  Section 1441(c) of Title 28 of the United States Code provides,

(c) **Joinder of Federal law claims and State law claims**.
(1) If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was

---

[2] The action has been pending for over two years and there have been and continue to be further proceedings on Plaintiff's underlying professional negligence claims against EBS and EBS's indemnity\contribution claim against Unum Life.  There have not, however, been any proceedings related specifically to the new claims only recently asserted by Plaintiff against Unum Life.

removed.  Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1141(c).  If it chooses, the Court can sever and remand Plaintiff's claims against the

EBS Defendants, retaining only Plaintiff's claims against Unum Life.

11.     As the claim under 29 U.S.C. § 1132(a)(1)(B) is only asserted against Unum Life,

the EBS Defendants are not required to join in or consent to the removal of this action.

12.     This case was not initially removable.  This Notice is filed with this Court within

thirty (30) days after service on Unum Life of the Third Amended and Substituted Petition in the

above-entitled action from which it may first be ascertained that the case is one which is or has

become removable. *See* 28 U.S.C. § 1446(b)(3).

WHEREFORE, Defendant Unum Life Insurance Company of America gives notice of

the removal of the above-entitled action from the Iowa District Court for Polk County to the

United States District Court for the Southern District of Iowa, Central Division.

/s/ Michael W. Thrall, AT0007975
NYEMASTER GOODE, P.C.
700 Walnut, Suite 1600
Des Moines, Iowa  50309
Telephone:     (515) 283-3189
Facsimile:     (515) 283-8045
E-mail:        mwt@nyemaster.com

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 4, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to the counsel below:

Thomas P. Slater                             Charles E. Cutler
Michael T. Norris                            CUTLER LAW FIRM, P.C.
SLATER AND NORRIS, P.L.C.                     1307 50th Street
5070 Grand Ridge Drive                       West Des Moines, Iowa 50266
West Des Moines, Iowa 50265

                                             ATTORNEY FOR DEFENDANTS
ATTORNEY FOR PLAINTIFF


                                    /s/ Michael W. Thrall, AT0007975