E-FILED  2017 JUL 05 1:36 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| GREG LANDRY,<br><br>    Plaintiff,<br><br>v.<br><br>MICHELLE EIHLERS, EMPLOYER BENEFIT SERVICES, LTD. and UNUM LIFE INSURANCE COMPANY OF AMERICA<br><br>    Defendants and Third-Party Plaintiffs,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Third-Party Defendant. | LAW NO.  LACL132502<br><br>*PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD CLAIMS AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA* |

**COMES NOW**, the plaintiff and for his motion states as follows:

1. This case comes to trial on October 2, 2017. The Court is well familiar with the basic facts, but a brief recitation may be of some help.

2. Plaintiff originally brought his petition alleging a claim of professional negligence against EBS for failing to procure a benefit increase of $5,000 to an existing long-term disability policy, without additional terms or conditions, to which plaintiff was a beneficiary by virtue of his employment with Lamarca & Landry, P.C.

3. Plaintiff contends that EBS failed to advise Lamarca & Landry that, in fact, an amended policy issued by Unum contained an additional preexisting condition clause specifically applicable only to the benefit increase.

1

Exhibit A

4. EBS then cross-claimed in two (2) counts against Unum, alleging in Count I that Unum had breached a "Broker Contract" with EBS by failing to deliver a copy of the amended policy to EBS. EBS contends that had Unum delivered a copy of the policy to EBS pursuant to the terms of the "Broker Contract", EBS would have in turn delivered it Lamarca and Landry, P.C.[1]

5. As alleged in plaintiff's 3rd amended and substituted petition at law, Unum failed to pay the benefit increase as agreed and that to the extent Unum failed to deliver a copy of the amended policy to EBS, plaintiff is a third-party beneficiary of said "Broker Contract".

6. Considerable discovery has transpired concerning the negotiations that occurred between EBS on behalf of Lamarca and Landry, P.C. and Unum as to the terms and conditions of the benefit increase. Moreover, considerable discovery has occurred concerning the issue of the "delivery" of any amended policy.

7. Plaintiff would be curious to know, beyond that discovery currently contemplated and scheduled, what additional discovery is necessary for the purpose of addressing plaintiff's claims.

8. For the aforementioned reasons, plaintiff contends that "good cause" exists to grant the amendment and that none of the defendants would be prejudiced by the filing of plaintiff's 3rd amended and substituted petition at law. To the contrary, plaintiff contends it would expeditiously resolve all potential claims of the parties without the necessity of additional proceedings.

WHEREFORE, plaintiff prays the court set this matter for hearing and upon the same, grant plaintiff's motion for leave to amend and to deem as filed and served a copy of the attached 3rd amended and substituted petition at law and jury demand.

---

[1] Count II of EBS' cross-petition was dismissed by the Court.

                                        SLATER AND NORRIS, P.L.C.

                                        _____

                                        Thomas P. Slater, AT0007248
                                        5070 Grand Ridge Drive
                                        West Des Moines, Iowa 50265
                                        Telephone:   (515) 221-0918
                                        Facsimile:    (515) 226-1270
                                        E-mail: *TPSlater@snglaw.com*
                                        ATTORNEY FOR PLAINTIFF

Original filed and served
via EDMS.