E-FILED 2017 JUL 05 1:36 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

GREG LANDRY,

      Plaintiff,

v.

MICHELLE EIHLERS, GAIL STEFFEN,
EMPLOYER BENEFIT SERVICES, LTD.
and UNUM LIFE INSURANCE COMPANY
OF AMERICA

      Defendants and Third-Party
      Plaintiffs,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

      Third-Party Defendant.

LAW NO. LACL132502

*PLAINTIFF'S 3rd AMENDED AND
SUBSTITUTED PETITION AT LAW*

## DIVISION I—GENERAL ALLEGATIONS

COMES NOW, the plaintiff and for his 3rd amended and substituted petition at law and jury demand states as follows:

1. At all times material hereto plaintiff was a resident of Polk County, Iowa.

2. At all times material hereto defendant EBS (hereinafter "EBS") was an Iowa corporation with its home in office Des Moines, Polk County, Iowa.

3. At all times material hereto defendants Michelle Eihlers and Gail Steffen (hereinafter "EBS") were employed by EBS acting in the scope of their employment.

4. At all times material hereto Unum Life Insurance Company of America (hereinafter "Unum") was a foreign corporation authorized to and doing business in the state of Iowa.

5. At all times material hereto plaintiff was a shareholder of LaMarca & Landry, P.C. (hereinafter "LaMarca & Landry") and was a beneficiary of a long-term disability policy issued by Unum.

Exhibit B

E-FILED  2017 JUL 05 1:36 PM POLK - CLERK OF DISTRICT COURT

6. In June 2012, plaintiff expressly inquired, through EBS, about the level of benefits he could expect to receive under the long-term disability policy were he to become permanently disabled.

7. Plaintiff explained to EBS that because due to some of his rheumatoid arthritis medications having been discontinued by his doctor, and because he also recently had been diagnosed with fibromyalgia, it appeared that he could face significant changes in his health.

8. EBS notified plaintiff that the policy would pay him, as a LaMarca & Landry shareholder, a maximum monthly benefit of $15,000.

9. Plaintiff then requested that EBS have the maximum monthly benefit increased to $20,000.

10. Following this request, EBS secured a proposal (hereinafter "proposal") from Unum to increase the shareholder maximum monthly benefit on the Policy from $15,000 to $20,000 (hereinafter "benefit increase").

11. The Proposal reflected a "New LTD Option: Increase Shareholders & Attorneys benefit maximum to $20,000 from $15,000."

12. The proposal set forth a proposed rate, the proposed covered payroll and a proposed monthly premium and expressly provided that: "These changes assume all other contract provisions remain the same."

13. In reliance on this proposal, as well as on plaintiff's communications with EBS, LaMarca & Landry elected to purchase the benefit increase.

14. EBS subsequently notified plaintiff that Unum would be increasing the maximum monthly benefit on the Policy to $20,000 and stated that the benefit increase would become effective August 1, 2012.

15. EBS failed to advise plaintiff or Lamarca & Landry that the benefit increase resulted in any changes to the policy, other than the amount of the maximum monthly benefit, failed to advise plaintiff or Lamarca & Landry that an amended policy would be issued, and failed to advise

2

plaintiff or Lamarca & Landry that the amended Policy would include a new pre-existing condition clause with respect to the increased benefit.

16. EBS failed to secure on plaintiff's behalf a copy of the amended policy, despite plaintiff's request for a copy of said policy.

17. EBS provided plaintiff a long-term disability summary page which set forth a description of the group long term disability coverage purchased by LaMarca & Landry, which summary page reflected the benefit increase in the amount of $20,000 for shareholders.

18. The summary page failed to disclose that an amended policy had been issued and failed to disclose that the amended policy contained a new pre-existing condition provision applicable to the increased benefit.

19. LaMarca & Landry paid all premiums due for the benefit increase, and no refund of premiums has been made.

20. Effective January 1, 2013, plaintiff's health worsened and he became disabled from the practice of law.

21. After waiting the requisite 90-day elimination period, plaintiff made a claim for long term disability benefits under the policy.

22. On April 19, 2013, Unum notified plaintiff that, due to clarifications it was seeking regarding the definition of occupation under plaintiff's "Long Term Group Claim and [his] Individual Disability Claim," it would pay disability benefits under a reservation of rights.

23. Unum then paid plaintiff long term disability benefits in the amount of $20,000 for the months of April, 2013 and May, 2013.

24. On July 19, 2013, Unum advised plaintiff that it would no longer pay the $5,000 benefit increase due to a pre-existing condition exclusion contained in the amended policy.

25. Unum terminated payment of the benefit increase, and since May 31, 2013 has made monthly long-term disability payments to plaintiff in the amount of only $15,000.

26. Following Unum's termination of payment of the benefit increase, LaMarca & Landry assigned all claims against EBS and Unum regarding the policy and the benefit increase to Plaintiff.

27. On January 15, 2014, plaintiff filed a timely appeal with Unum regarding its termination of and refusal to pay the $5000/month benefit increase.

28. On February 26, 2014, Unum's Worcester Benefits Center – Appeals Unit notified plaintiff's counsel that it was upholding Unum's refusal to pay to plaintiff the $5,000/ month benefit increase.

### DIVISION II—CLAIM AGAINST EIHLERS, STEFFEN AND EBS

29. EBS was negligent in each of the following respects:

    a. In failing to ascertain whether the benefit increase proposed by Unum was subject to any pre-existing condition provisions or exclusions;

    b. In procuring a benefit increase that was subject to and contained pre-existing condition provisions and exclusions in direct contravention of plaintiff's and LaMarca & Landry's request for a benefit increase that would provide plaintiff with additional income should he become disabled as a result of his already existing health condition;

    c. In failing to determine that in increasing the maximum monthly disability benefit for shareholders, Unum had issued an amended Policy which contained pre-existing condition provisions and exclusions applicable to the benefit increase;

    d. In failing to obtain and review a copy of the amended Policy to ascertain whether the amended Policy changed any of the terms of the original Policy or contained any provisions or exclusions specifically applicable to the benefit increase; and,

    e. In failing to advise and inform plaintiff and LaMarca & Landry that Unum, in increasing the maximum monthly disability benefit for shareholders, had issued an amended Policy and that the amended Policy contained pre-existing condition provisions and exclusions specifically applicable to the benefit increase.

30. EBS' negligence was a cause of plaintiff's damages, including, but not limited to, the loss of $5000/month in increased benefits for his long-term disability.

31. Plaintiff demands a jury with respect to Division II of his 3rd amended and substituted petition at law.

## DIVISION III—CLAIM AGAINST UNUM (ERISA)

32. Plaintiff realleges by reference Divisions I of his 1st amended and substituted petition at law and jury demand.

33. At all times material hereto, Unum was a plan entity under the Employer Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et. seq.*

34. Pursuant to 29 U.S.C. § 1132(a)(1) plaintiff is a person empowered to bring a civil action to recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

35. Plaintiff brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits due him under the plan and to enforce his rights under the terms of the plan.

36. Plaintiff has exhausted his administrative remedies under the terms of the plan.

37. Acting on behalf of plaintiff, EBS entered into an agreement with Unum to provide a $5,000 increase in long-term disability benefits effective August 1, 2012 imposing no additional terms or conditions other than those contained in the 2009 long-term disability policy hereinbefore referenced.

38. Such agreement is evidenced, *inter alia,* by Exhibit 48, the benefit summary plan, which fails to disclose any additional terms or conditions applicable to said increase and Exhibit 9 which provides that the proposed changes "assume all other contract provisions remain the same". (See attached exhibits).

39. Thereafter, Unum, with respect to the additional benefits that were to be effective August 1, 2012, unilaterally replaced the hereinbefore referenced 2009 policy, with an amended policy which contained a new pre-existing condition clause.

40. Unum failed to disclose to plaintiff its intent to replace the 2009 policy with an amended policy containing a new pre-existing condition clause applicable to the increased benefit negotiated on behalf of Lamarca & Landry by EBS.

E-FILED  2017 JUL 05 1:36 PM POLK - CLERK OF DISTRICT COURT

41. Unum breached its agreement to pay the increase in long term disability benefits as agreed with EBS acting on behalf of Lamarca & Landry and plaintiff.

42. Plaintiff requests reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1).

## DIVISION IV—PLAINTIFF AS THIRD-PARTY BENEFICIARY

43. Plaintiff realleges by reference all of Division I of plaintiff's 3rd amended and substituted petition at law and jury demand.

44. EBS alleges that Unum breached a "Broker Contract" in failing to deliver a copy of the amended policy to EBS so that it could deliver same to plaintiff.

45. Plaintiff claims he is a third-party beneficiary in that the specific terms of the "Broker Contract" indicate that EBS intended to give plaintiff the benefit of the delivery of the amended policy by thereafter delivering it to him.

46. To the extent it is found that Unum breached the "Broker Contract" by failing to deliver a copy of the policy to EBS, plaintiff should recover under the terms of the "Broker Contract" from Unum as an third-party beneficiary.

47. Plaintiff demands a jury with respect to Division II of his 3rd amended and substituted petition at law.

    **WHEREFORE**, Plaintiff prays for judgment against defendants in an amount that will reasonably compensate him for his loss, with interest and for costs.

E-FILED  2017 JUL 05 1:36 PM POLK - CLERK OF DISTRICT COURT

                                               SLATER AND NORRIS, P.L.C.

                                               _____

                                             Thomas P. Slater, AT0007248
                                             5070 Grand Ridge Drive
                                             West Des Moines, Iowa 50265
                                             Telephone:    (515) 221-0918
                                             Facsimile:     (515) 226-1270
                                             E-mail: *tomslater@slaterlaw.net*

                                             ATTORNEY FOR PLAINTIFF

Original filed and served
via EDMS.